UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: BRAZOS ROCK, INC. – FLSA LITIGATION | §<br>§<br>§<br>§<br>§ | CAUSE NO. 4:15-CV-13-DAE/DF |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) Plaintiffs, Edward Glenn Lewis, Don Brewster, Mark Morton, and Iram Galindo, on behalf of themselves and the 228 opt-in Plaintiffs (collectively "Plaintiffs") in this consolidated case[1] brought pursuant to the federal Fair Labor Standards Act ("FLSA"), file this Motion for Default Judgment (the "Motion") against Defendant Brazos Rock, Inc. ("Brazos Rock"). This Motion is supported by evidence contained in Plaintiffs' Appendix, filed as a separate document pursuant to LR CV-7(d)(1), which is incorporated by reference. For the below reasons, Plaintiffs' Motion should be granted.

## I. INTRODUCTION

Plaintiffs incorporate by reference the Summary, Procedural History, and Factual Background statements from their Motion for Summary Judgment. (ECF No. 136, pp. 10-16).

This FLSA lawsuit was initiated on February 19, 2015 with the filing of the original complaint in the *Lewis* Case. (ECF No. 1). A second related FLSA lawsuit was filed against Brazos Rock on July 16, 2015, the "*Galindo* Case". (ECF No. 1 in docket for case 7:15-cv-108). Brazos Rock filed an Answer in both cases. (ECF No. 6; ECF No. 14 in docket for case 7:15-cv-

[1] On November 14, 2016, the Court entered an order consolidating, for all purposes, the two related cases styled *Lewis v. Brazos Rock, Inc.*, No. 4:15-CV-0013, in the U.S. District Court for the Western District of Texas (hereafter the "*Lewis* Case") and *Galindo v. Brazos Rock, Inc.*, No. 7:15-cv-108-HLH, in the U.S. District Court for the Western District of Texas (hereafter the "*Galindo* Case") into the above-captioned consolidated case (the *Lewis* Case and the *Galindo* Case are, accordingly, referred to collectively as the "Case" or "Lawsuit"). (ECF No. 130).

108). This Court consolidated the *Lewis* Case and the *Galindo* Case for all purposes on November 14, 2016. (ECF No. 130).

On November 1, 2016, Brazos Rock filed a Motion to Withdraw its Answer which was opposed by Plaintiffs. (*See* ECF Nos. 123, 125). On January 3, 2017, the Court entered an order permitting Brazos Rock to withdraw its answer in this Lawsuit. (ECF No. 135). As of the filing of this Motion, Brazos Rock has not file an answer or responsive pleading relative to Plaintiffs' First Amended Complaint. (ECF No. 134, the "FAC"). In fact, Brazos Rock has made clear its intention not to defend this action. (ECF No. 151). As Brazos Rock has indicated its intent to be bound by any judgment entered in this matter, Plaintiffs respectfully move the Court to grant a default judgment against Brazos Rock pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. DEFAULT JUDGMENT STANDARD

A defaulting defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *J&J Sports Prods., Inc. v. Bermudez*, No. SA-17-CV-387-XR, 2017 WL 4448244, at *2 (W.D. Tex. Oct. 5, 2017) (Rodriguez, J.) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)).

Federal Rule of Civil Procedure 55(b)(2)(B) gives a court discretion to convene an evidentiary hearing on the issue of damages. FED. R. CIV. P. 55(b)(2)(B). *See also, J&J Sports*, 2017 WL 4448244, at *2. ("However, where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is not necessary." (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979))). Plaintiffs' supporting calculations are the best evidence of hours worked and rates paid since Brazos Rock has failed to file an Answer or otherwise defend this lawsuit. Approximations of damages are acceptable where no time records are available due to a defendant's failure to produce them. *See Anderson*

*v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded on other grounds by statute*, Portal-to-Portal Act of 1947, § 4(a)(1), 29 U.S.C. § 251(a)(1), *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513, 519 (2014); *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

A court's entry of a default judgment, and its concomitant decision to refuse to set aside a default judgment, is reviewed for abuse of discretion. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015). Factual determinations underlying the decision are reviewed for clear error. *Id.* at 495-96.

## III. <u>ARGUMENT AND AUTHORITIES</u>

The overtime wage requirements of the FLSA state that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Although there are exemptions to the FLSA, these exemptions are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) [hereinafter "*Barclay*"] (citing *Allen v. Coil Tubing Servs.*, L.L.C., 755 F.3d 279, 282 (5th Cir. 2014)). "The [FLSA] should be interpreted liberally in the employee's favor." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 820 (5th Cir. 2003).

### A. <u>All Plaintiffs Were Employees of Brazos Rock.</u>

Plaintiffs have pleaded and it is cannot be disputed that Plaintiffs were employees of Brazos Rock. (ECF No. 134 (FAC, p. 2, ¶¶ 6, 11; p. 3, ¶¶ 16, 21; p. 4, ¶ 24; p. 9, ¶ 59; p. 10, ¶

62); *see also* app. pp. 140-143 (Chester 30(b)(6) Depo, 52:3-55:6 (citing BRES_FLSA 4793-5396 (summarized at p. 148-255))).

**B. <u>At All Times Relevant, Brazos Rock Was an Enterprise Engaged in Commerce Pursuant to the FLSA.</u>**

An enterprise engaged in commerce is defined as an enterprise that: (1) that has employees who are engaged in commerce or in the production of goods for commerce or who have handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person; and (2) whose annual gross volume of sales made or business done is not less than $500,000.00." 29 U.S.C. § 203(s)(1)(A).

Plaintiffs identified in their FAC that Brazos Rock was an enterprise engaged in commerce. (ECF No. 134 (FAC, pp. 5-6, ¶¶ 32-37; p. 16, ¶ 85)). In default judgments, all well-pleaded facts are taken in the favor of the moving party, and thus enterprise coverage is established in the pleadings. *See J&J Sports*, 2017 WL 4448244, at *2.

Nonetheless, Plaintiffs present additional evidence that Brazos Rock was, at all times relevant to the claims in this lawsuit, an enterprise engaged in commerce under the FLSA. Plaintiffs' declaration testimony demonstrates that, at all material times, Brazos Rock had two or more employees engaged in commerce by working on Brazos Rock construction projects in Texas and New Mexico. (App. pp. 22-23 (Lewis Decl., ¶ 5); p. 29 (Galindo Decl., ¶ 8); pp. 31-110 (Opt-in Plaintiff Declarations at ¶ 7)). Additionally, those employees handled good and materials that had been moved in or produced for commerce, such as vehicles, fuel, and oilfield/pipeline work supplies. (App. pp. 22-23 (Lewis Decl., ¶ 5); pp. 27-28 (Galindo Decl., ¶ 4); pp. 31-110 (Opt-in Plaintiff Declarations at ¶ 2)).

**C. <u>Plaintiffs Worked More than 40 Hours in a Workweek, but Were Not Paid All Corresponding Overtime Compensation Due.</u>**

As discussed, Plaintiffs have pleaded and provided declaration testimony that they worked more than 40 hours in a workweek without being paid corresponding overtime compensation by Brazos Rock relative to both the off-the-clock claims and per diem claims. (*See* ECF No. 134 (FAC, p. 10, ¶¶ 61-63; pp. 16-17, ¶¶ 92-97); *see also* app. p. 24 (Lewis Decl., ¶ 9); pp. 27-29 (Galindo Decl., ¶¶ 4, 5, 7); p. (Opt-in Plaintiff Declarations at ¶ 3, 4)). In an FLSA collective action such as this, not all Plaintiffs need to testify in order to prove liability. Instead, liability may be based on representative testimony. *See, e.g., Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 803-07 (N.D. Tex. 2015) [hereinafter "*Native*"], *aff'd sub nom. Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016). Moreover, "FLSA damages may be estimated [by representative testimony], especially when the employer fails to keep required payroll records." *Barclay*, 838 F.3d 442, 450 (5th Cir. 2016).

Therefore, Plaintiffs have established they were employees of Brazos Rock, Brazos Rock was an enterprise engaged in commerce, and they worked more than forty hours per workweek without being paid all overtime compensation due. Since Brazos Rock has failed to answer or otherwise defend, it cannot establish any affirmative defense exempting Plaintiffs from the FLSA's overtime wage requirements or excluding the per diem pay from the regular rate of pay.

## IV. DAMAGES

### A. Plaintiffs Are Entitled to Back Unpaid Overtime Wages Totaling to $2,880,148.53.

An employer who violates the FLSA is liable to its employees for their unpaid overtime wages. 29 U.S.C. § 216(b). "The Fifth Circuit holds that once the fact finder has established that the employee is due unpaid overtime, the proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law." *Native*, 104 F. Supp. 3d at 798 (citing *Black v. Settlepou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013)) (quotations

omitted). As demonstrated *supra*, Plaintiffs worked overtime hours for which they were not paid time and one-half their respective regular rates of pay. (App. pp. 23-111 (Plaintiff Declarations)).

**B. <u>Plaintiffs are Permitted to Estimate Their Unpaid Hours Worked.</u>**

The FLSA requires employers to keep records of the actual hours worked per workday and workweek by its non-exempt employees. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2(a)(7). Employers are required to maintain that data for a period of three years. 29 C.F.R. § 516.6.

With regard to the off-the-clock work, Brazos Rock has no records of the exact hours worked by Plaintiffs per workday or workweek. In fact, on March 8, 2016, Plaintiffs served written discovery asking Brazos Rock to produce records of the actual hours worked by Plaintiffs per workweek and all data required by 29 C.F.R. § 516.2(a), but Brazos Rock did not respond. (App. pp. 111-112 (Vaught Decl., ¶¶ 1-2); pp. 122, 125-126 (Exhibit A to Vaught Decl., Interrogatory 1, Requests for Production 5 & 15)). Instead, Brazos Rock sought to withdraw its Answer. (ECF No. 123). The only substantive discovery responses provided by Brazos Rock relative to damages include weeks worked, base rates of pay, and per diem pay for each of the 232 Plaintiffs. (App. pp. 111-112 (Vaught Decl., ¶ 2)).

As Brazos Rock does not have the payroll data required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a), Plaintiffs are permitted to make reasonable estimates of their unpaid overtime hours worked and damages due. *See Barclay*, 838 F.3d at 450 ("FLSA damages may be estimated, especially when the employer fails to keep required payroll records."). *See also Castillo v. Givens*, 704 F.2d 181, 194 (5th Cir. 1983) (stating that section 211(c) of the FLSA "places on the employer the obligation of keeping accurate records of the hours worked by his employees; the employer cannot transfer his statutory duty to his employees."). Where an "employer's records are inaccurate or inadequate" the solution "is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of

uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act." *Castillo*, 704 F.2d at 194 (quoting *Anderson*, 328 U.S. at 687).

In cases such as this where the employer does not keep/has not produced accurate payroll records, "employees need only prove that they performed work for which they were not properly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. Once the employee meets that threshold, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. at 687-88. Should the employer fail to produce such evidence, the court may award damages, even though the result is only approximate. *Id.* at 688.

Furthermore, the Fifth Circuit confirms that "[e]stimates [of unpaid overtime hours worked] may come from representative testimony, and the '[t]estimony of some employees concerning the hours worked by groups of non-testifying employees is sufficient if those who do testify have personal knowledge of the work performed by those who do not.'" *Native*, 838 F.3d at 450 (citing *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985)).

Here, a representative sample of 10 percent of the Plaintiffs have provided declaration testimony showing an average of 15 off-the-clock unpaid overtime hours worked per workweek. (App. pp. 31-110 (Opt-in Plaintiff Declarations at ¶ 7)). Such a sample is more than sufficient. *See, e.g., Reich v. S. New England Telecomms. Corp*., 121 F.3d 58, 61, 66-67 (2d Cir. 1997) (approving 2.7% sample size [39 employees] to award back pay to 1500 employees); *Dole v. Snell*, 875 F.2d 802 (10th Cir. 1989) (Department of Labor offered testimony of one employee

and the compliance officer to support an award to 32 employees in FLSA independent contractor misclassification case (3%)); *Native*, 104 F. Supp. 3d at 801 (awarding back overtime wage damages of $1,163,145.00 based on the trial testimony of six of the 108 collective action plaintiffs (5.6%)). Under controlling law, the Court should respectfully adopt that weekly average and extrapolate it to each of the 232 Plaintiffs in this Lawsuit for each week they respectively worked for Brazos Rock. Brazos Rock provided data on total weeks worked by each of the 232 Plaintiffs. Plaintiffs used that data to identify the total unpaid overtime hours each of the 232 Plaintiffs worked for Brazos Rock as shown in the damages spreadsheet attached hereto. (App. pp. 148-255 (Damage Calculation Spreadsheet)).

"[O]nce the fact finder has established that the employee is due unpaid overtime, the proper determination of the regular rate of pay and overtime premium to which an employee is entitled *is a question of law*." *Native*, 104 F. Supp. 3d at 798 (citing *Black*, 732 F.3d at 496). Combining the off-the-clock data with the weeks worked, rates of pay, and per diem pay of the 232 Plaintiffs provided by Brazos Rock, Plaintiffs calculate their unpaid overtime wages in this case at $2,880,148.53. (App. p. 6 (Plaintiffs' Damages Summary)). Plaintiffs respectfully ask the Court to adopt that amount as the unpaid overtime wages owed by Brazos Rock in this Lawsuit.

**C. Plaintiffs are Entitled to Liquidated Damages in the Amount of $2,880,148.53.**

Plaintiffs request liquidated damages in an amount equal to back overtime wages. Liquidated damages "constitute compensation for the retention of a workman's pay" where the required wages are not paid on time. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, (1945); 29 C.F.R. § 790.22. Employers who violate the FLSA's overtime provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The burden is on a defendant to show "[. . .]that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). Defendants have the "substantial burden" of proving both their subjective good faith in taking its actions and that it was on objectively reasonable grounds to do so. *Id.* There is a strong presumption in favor of imposing full liquidated damages under the FLSA. *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).

Here, Plaintiffs have pleaded their entitlement to liquidated damages, and Brazos Rock has failed to answer or otherwise defend this lawsuit. (*See* ECF No. 134 (FAC, p. 2, ¶ 4; p. 19, ¶ 108)). Brazos Rock has, therefore, admitted liability for such damages. *See J&J Sports*, 2017 WL 4448244, at *4 ("Plaintiff's factual allegations, admitted as true by Defendant's default, provide a sufficient basis for providing relief . . .").

**D. <u>Brazos Rock's Violations of the FLSA Were Willful.</u>**

The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if a defendant's conduct was in willful violation of the law. *Id. See also*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). A violation is willful if the employer either knew its conduct violated the FLSA or showed reckless disregard for whether its conduct complied with the law. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Cox*, 919 F.2d at 1416. Courts find a defendant's conduct to be willful where a defendant had knowledge of the law and still refused to comply. *See, e.g.*, *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3rd Cir. 1991).

Here, Plaintiffs pleaded their entitlement to damages for Brazos Rock's willful conduct and the Plaintiffs' allegations permit them to seek damages for the maximum limitations period allowed by the FLSA – three years preceding the date the lawsuit was filed and forward. (ECF

No. 134 (FAC, p. 17, ¶ 99)). *See also J&J Sports*, 2017 WL 4448244, at *5 (finding that a defendant, by default, admitted to a willful violation of the anti-piracy statute).

Moreover, Brazos Rock was aware of the legal requirement to pay overtime but still failed to properly compensate employees relative to the off-the-clock work which its managers required. (App. pp. 146-147 (Chester 30(b)(6) Depo, 106:14-107:3)). As discussed above, employees were threatened with termination of employment if they accurately reported all hours worked. (*See e.g.*, app. p. 134 (Derbin Decl., ¶ 13)). As in *J&J Sports*, it is difficult to imagine a situation where managers threatening to fire individuals who sought compensation for hours of work is not willful. 2017 WL 4448244, at *5 ("Further, it strains reason to conceive of any way piracy of satellite transmissions could occur without willful intent . . ..")

Accordingly, Brazos Rock's violations of the FLSA were willful resulting in recoverable damages for the three years preceding the date the first Complaint was filed in this Lawsuit was filed and forward. The first Complaint filed was on February 19, 2015 in the *Lewis* Case. (ECF No. 1). Therefore, the Court should adopt a limitations period of February 19, 2012 to present.

**E. Post-Judgment Interest is Warranted.**

"[P]ost-judgment interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Native*, 104 F. Supp. 3d at 813 (citing *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983)). Plaintiffs have pleaded for post-judgment interest. (ECF No. 134, (FAC, p. 19, ¶ 108(f))).

**F. Legal Fees and Costs.**

The FLSA provides that "[t]he Court . . . shall, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 167 (1989). An award of attorney's fees and costs to a prevailing plaintiff is mandatory. *Black*, 732 F.3d at 502.

## V. CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs request the Court grant this Motion for Default Judgment and Order that Brazos Rock pay Plaintiffs' unpaid overtime wages in the amount of $2,880,148.53 and liquidated damages in the amount of $2,880,148.53 in addition to post-judgment interest. If the Court grants judgment for Plaintiffs' as requested herein, then an award of reasonable legal fees and costs is mandatory. Plaintiffs request 30 days from the default judgment to submit a fee and cost petition.

Respectfully submitted,

By: s/Allen R. Vaught
Allen R. Vaught
avaught@baronbudd.com
Texas Bar No. 24004966
Melinda Arbuckle
marbuckl@baronbudd.com
Texas Bar No. 24080773
Farsheed Fozouni
ffozouni@baronbudd.com
Texas Bar No. 24097705
Baron & Budd, PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

s/Robert R. Debes, Jr.
Robert R. Debes, Jr.
bdebes@eeoc.net
Texas Bar No. 05626150
Shellist | Lazarz | Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs conferred with counsel for Defendant Desco Acquisition LLC d/b/a Blackeagle Energy Services ("Blackeagle"), Ancil Ramey, via email on October 16, 2017, who indicated that Blackeagle is opposed to this motion.

s/Allen R. Vaught
Allen R. Vaught

**CERTIFICATE OF SERVICE**

On October 17, 2017, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I also served a copy of this Motion and Supporting Appendix on Counsel for Defendant Brazos Rock by First Class U.S. Mail and U.S. Certified Mail, Return Receipt Requested, by depositing same in an official repository of the United States Postal Service on October 17, 2017, as shown below. Accordingly, I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Mr. John M. Rogers
Ms. Alyssa S. Turner
ROGERS, LLP
409 West 4th Street, Ste. 102
Post Office Box 2530
Weatherford, TX 76086
**VIA U.S. CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED # 9414 7266 9904 2076 7469 79.**

s/Allen Vaught
Allen R. Vaught